UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI),<br><br>Defendant,<br><br>and<br><br>KENNETH D. ZOTTI, INC. dba ZOTTI PLUMBING COMPANY,<br><br>Garnishee. | Case No. 1:02-cr-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is defendant Beverly Vigil's request to transfer this garnishment proceeding to the Northern District of California (Dkt. 109). For the reasons explained below, the Court will grant the request.

## BACKGROUND

In September 2002, defendant Beverly Vigil[1] pleaded guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. She was sentenced to 33 months' imprisonment, followed by a three-year term of supervised release. *See June 26, 2003 Judgment,* Dkt. 53. Additionally, the Court ordered restitution in the amount of $792,386.70. *Id.* As of July 2019, $617,473.79 remained outstanding.

In August 2019, this Court granted the United States' motion for issuance of a writ of continuing garnishment to Vigil's employer, Kenneth D. Zotti, Inc. (dba Zotti Plumbing Company). *See Order,* Dkt. 106. Zotti answered the writ, indicating that Kenneth D. Zotti, Inc. employed Vigil as an office administrator. Zotti further indicated that Vigil had "an undetermined community property interest in Kenneth D. Zotti, Inc. due to operation of California law." *Answer of Garnishee*, Dkt. 109, at 3.

Around the same time, Vigil filed a document asking the Court to transfer this matter to the Northern District of California, as that is where she now resides. *See* Dkt. 110. Zotti joins the request for a transfer. *See Joinder*, Dkt. 117.

---

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here, because the garnishee in this matter is Kenneth D. Zotti, Inc.

The United States opposes the transfer, Dkt. 118, objects to Zotti's answer to the writ of garnishment, Dkt. 109, and asks the Court to "modify or extend the Writ . . . to expressly include the earnings of Mr. Kenneth D. Zotti, husband of the Defendant." Dkt. 112. For the reasons explained below, the Court will grant the request to transfer this matter to the Northern District of California and will refrain from ruling on motions filed after Vigil requested the transfer.

## ANALYSIS

The Federal Debt Collection Procedures Act (FDCPA) sets forth the procedures available to the government for collecting criminal restitution. *See United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). Section 3004(b)(2) provides: "If the debtor so requests, within 20 days after receiving the notice ..., the action or proceeding in which the writ ... was issued *shall be transferred to the district court for the district in which the debtor resides*." 28 U.S.C. § 3004(b)(2) (emphasis added). Authority is relatively sparse on the issue, but courts are split on whether a requested transfer is mandatory or discretionary where good cause is shown. *Compare United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of [FDCPA] is mandatory, the district court must grant a transfer as long as it is made in a timely manner.") *with United States v. Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) ("[T]he FDCPA's transfer provision is not mandatory."). The split exists because, notwithstanding the

language of § 3004 (which states that the action *shall be transferred* upon a timely request), the FDCPA also grants courts authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. The Ninth Circuit has not yet weighed in on the issue.

The Court is not convinced that the general language of § 3013 allows courts to disregard the more specific directive in § 3004(b)(2). Section 3004(b)(2) plainly says that upon a timely request, the action *shall* be transferred. The word "'shall" "creates an obligation not subject to judicial discretion." *Lexecon Inc. v .Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998).

Further, even if the Court did have discretion in this matter, after considering the parties' briefing, it would elect to transfer the matter to the Northern District of California. Not only does the defendant now reside in that district, the garnishee does as well, its assets are apparently located in California, and depositions were scheduled in California. So it will be more efficient to resolve the issues there, particularly as the garnishee has indicated litigation regarding the outstanding subpoenas is expected. Generally speaking, the purpose of a transfer-of-venue provision is "to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v Barrack*, 376 U.S. 616 (1964) (quoting *Continental Grain*

**MEMORANDUM DECISION AND ORDER - 4**

*Co. v. Barge FBL*, 364 U.S. 19, 26-27 (1960)). Further, the Court is not persuaded by the government's argument that a transfer was requested merely to delay or frustrate the government's efforts to collect the restitution judgment. Accordingly, the Court will grant Vigil's request to transfer this matter to the Northern District of California.

The government next argues that if the Court transfers the garnishment proceedings to the Northern District of California, it should nevertheless retain the "proceedings regarding the subpoenas" in the District of Idaho. To support this argument, the government points out that the defendant has not sought "a transfer of any proceedings regarding the subpoenas but rather [only] the garnishment proceedings." *Gvt. Response*, Dkt. 118, at 4. But it doesn't make sense for the District of Idaho to handle motion practice regarding the subpoenas – Zotti has indicated an intent to move to quash the subpoenas, *see Zotti Joinder*, Dkt. 117, at 2 – while the Northern District of California handles the underlying garnishment proceeding. Rather, the more logical (and efficient) course is for the Northern District of California to handle the garnishment proceedings, including any litigation related to the underlying subpoenas. *See generally* Fed. R. Civ. P 1; Fed. R. Crim. P. 2.

Accordingly, the Court will transfer this garnishment proceeding, including any forthcoming litigation related to the underlying subpoenas, to the Northern

**MEMORANDUM DECISION AND ORDER - 5**

District of California. The Court will refrain from ruling on the motions and requests that were made after Vigil requested a transfer. To aid the Northern District of California, however, here is a list of issues that requiring a ruling:

(1) The government asks for an order modifying or extending the writ of continuing garnishment this Court issued.  *See* Dkt. 112.

(2) The government asks for an order directing Zotti to supplement the answer on file by disclosing his earnings.  *See* Dkt. 113.

(3) Finally, although the matter is not yet ripe, garnishee Zotti indicates an intent to move to quash the subpoenas.

## ORDER

**IT IS ORDERED that** Defendant Beverly Vigil's request to transfer this matter to the Northern District of California (Dkt. 113) is **GRANTED.** Accordingly, this matter is **TRANSFERRED** to the Northern District of California.

DATED: February 10, 2020

B. Lynn Winmill
U.S. District Court Judge